## GRASECK v. BANKERS TRUST CO.

1. LANDLORD AND TENANT—REASONABLE RENTAL ON RENEWAL—EVIDENCE.
   In proceeding to establish rental for store and lobby concession in a theater building upon renewal for five-year term where monthly rental was $100 under original five-year term, lessor claimed it should be $350 for the renewal term and lessee $125 and each presented testimony in support of respective claim, court's finding that it should be $275 a month was supported by evidence.

2. SAME—RENEWAL OF LEASE—VACATION OF PREMISES.
   Where monthly rental for store and lobby concession in theater building was fixed by court at $275 and had been only $100 a month during original term, tenant who claimed it should be only $125 a month is allowed 30 days in which to vacate the premises if he does not renew.

Appeal from Wayne; Webster (Clyde I.), J.   Submitted August 29, 1946.   (Docket No. 68, Calendar No. 43,413.)   Decided October 7, 1946.

Petition by Ralph Graseck against Bankers Trust Company for determination of rent upon renewal of lease.   From decree entered fixing amount of rent, both parties appeal.   Affirmed.

*Leithauser & Babcock*, for plaintiff.

*Cook, Baumann & Cook*, for defendant.

NORTH, J.   The Esquire Theatre Corporation, a Michigan corporation, was the owner of the Esquire Theatre Building including a small adjacent store in Grosse Pointe Park, Michigan.   The Bankers Trust Company was appointed trustee of the Theatre Corporation January 7, 1944, for certain purposes including liquidation of the corporation. On January 14, 1941, the theater corporation entered into a lease under which plaintiff became its tenant.   The lease was for a period of five years and covered the east store and the lobby concessions of the theater, the latter being a small space in the lobby.   Plaintiff carried on the business of vending confections, cigars, novelties, operating a delicatessen, soda fountain, et cetera.   The lease provided for rental of $100 per month.   It also provided that upon its expiration the lessee shall have the right to renewal for a like term "at such rental as these parties shall agree upon."   It is conceded in defendant's answer that plaintiff is entitled to a five-year renewal at a fair and reasonable rental. The parties were unable to agree on the rental to be provided in the renewal lease, and thereupon plaintiff lessee filed a petition in the circuit court

of Wayne county wherein the court was asked to determine what would be a fair and reasonable rental to be provided in the renewal lease. The petition recited that the lessor was demanding that the renewal rental should be $350 per month. Plaintiff asserted such demand was unreasonable and excessive and claimed $125 per month would be a reasonable rental. Defendant appeared and answered, in effect alleging that its demand of $350 monthly rental was not unreasonable or excessive, but on the contrary was fair and reasonable. After hearing in open court a decretal order was entered fixing the rental for the renewal period at $275 per month. Both parties have appealed.

We shall not attempt a detailed review of the testimony. We have given the record careful consideration and, as well might be expected, find therein competent testimony supporting the claims of the respective parties at least in some degree. Along with other testimony the record discloses plaintiff's annual gross sales over a period of approximately five years and his annual expenses of operating over a like period. It also includes competent testimony as to the fair rental value of this property. The witnesses in behalf of plaintiff gave testimony which tends to support his contention, and that given by witnesses for defendant tended to support its claim.

Our review satisfies us that, as a whole, the testimony abundantly supports the conclusion of the circuit judge as against any claim to the contrary on the part of the plaintiff. And on the other hand, we are not in accord with defendant's contention that the circuit judge was over conservative in fixing the rental value. This is true notwithstanding there was quite persuasive testimony in behalf of defendant that the present volume of business car-

ried on by plaintiff in the rented premises, the profits derived therefrom, and the current rate of rentals in the vicinity of like properties, which were considerably higher, might seem presently to justify the fixing of a higher rate of rental. But the trial judge might well have been somewhat impressed by the testimony showing that in 1941 there were negotiations relative to reduction of the $100 monthly rental provided in the lease under which plaintiff then occupied the premises; and also that the rental of a former tenant was reduced "because his business was such that he couldn't stand to pay $200 per month;" and further by the fact that the fair rental value in a prospective five-year lease is not necessarily controlled by presently prevailing high rentals.

The fair rate of rental fixed by the trial judge at $275 per month is affirmed, but the decree will be amended by extending to 30 days after decree in this Court the time within which plaintiff shall vacate the premises in event he does not elect to renew his lease. The decree to be entered in this Court will also remand the case to the circuit court for any further proceedings therein. Defendant will have costs of this Court.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.